IN THE MATTER OF ALLAN JAFFE,
AN ATTORNEY AT LAW.

Argued June 16, 1977—Decided July 26, 1977.

---

*Mr. Richard S. Hyland* argued the cause for the Camden County Ethics Committee.

Respondent argued *pro se.*

PER CURIAM. This is a disciplinary proceeding against respondent who was admitted to the practice of law in this State in 1973. He is also a Pennsylvania attorney. Three alleged violations of court rules by respondent have been presented. The first is that respondent is in violation of *R.* 1:21–1(a) which requires that a person who practices law in New Jersey must be either domiciled in this State or maintain his principal office for the practice of law in this State. The second charges respondent with having filed a complaint in the Superior Court of New Jersey in May 1976, in which he listed himself as attorney for plaintiff but gave a Philadelphia office address in violation of *R.* 1:4–1(b) which prohibits an attorney filing a paper from using an out of the State office address. The third charges respondent with a violation of *R.* 1:21–6(a) in that although practicing law here, he does not maintain a business account and a trustee account in a financial institution in this State.

Respondent has been a lifelong resident of Pennsylvania. He matriculated at Pennsylvania State University and is a graduate of Temple University Law School. He was admitted to the bar of Pennsylvania in 1963. He presently lives at 404 Chapel Road, Elkins Park, Pa. He is a registered voter in Pennsylvania and has a Pennsylvania driver's license and automobile registration. His children attend school in Pennsylvania. He is engaged in the practice of law in the Robinson Building, 42 South 15th Street, Philadelphia. Admittedly, this is his principal law office since his Pennsylvania practice constitutes approximately 98% of his legal work.

In 1965 respondent acquired 112 South Stratford Place, Ventnor City, N. J. The premises are heated the year

round and respondent spends his summers there as well as weekends and holidays throughout the remainder of the year. Respondent applied for admission to take the New Jersey bar examination in May 1973. His application filed with the Clerk of the New Jersey Supreme Court stated that he was "presently domiciled in New Jersey" and gave the Ventnor City property as his address. He took and passed the July 1973 New Jersey bar examination and was sworn in as an attorney in December 1973. Because his application set forth that he was "presently domiciled in New Jersey," respondent was issued a plenary license without being required to file an affidavit of compliance with *R.* 1:21–1(a).[1]

Respondent is listed in the New Jersey Lawyers Diary at his 15th Street, Philadelphia, address. He uses this same address in his annual filing with the Clients' Security Fund. However, respondent is in the Atlantic County telephone directory, yellow pages section, under attorneys, and uses the Ventnor City address and phone number as his business address. The record is silent as to whether respondent has an answering service there or has arranged for the prompt forwarding of mail sent to that address. Finally, it appears that in a matrimonial suit filed in the Superior Court, Camden County, in November 1976, respondent gave a Cherry Hill, N. J. address and telephone number as his office address and telephone.

With reference to his business bank accounts, respondent in his annual report filed with the Clients' Security Fund of the Bar of New Jersey shows that these accounts are in Philadelphia, Pa., banks. Respondent asserts that this is not a violation of *R.* 1:21–6(a) because his practice in this State is limited and no funds belonging to clients in

---

[1]Arguably, the statement in respondent's application that he was "presently domiciled in New Jersey" was misleading as it made no mention of his Elkins Park, Pennsylvania, address. However, this latter address was included in respondent's "Statement of Candidate" filed with the Committee on Character.

New Jersey matters have come into his hands. We cannot accept this generalization. Respondent has handled a real estate transaction in Atlantic City. He has been in a landlord and tenant matter as well as a domestic relations proceeding in the New Jersey courts. He has represented defendants in several criminal matters including one murder case in this State. He has appeared in at least two divorce cases here. The May 1976 complaint filed by respondent in the Superior Court involves an automobile accident case.

■ ■ The purpose of *R.* 1:21–6(a) which requires all attorneys who practice in this State to maintain their trust and business accounts in New Jersey banks is to facilitate this 'Court's supervisory control over the practice of law in this State. That is why all attorneys, in their annual reporting form filed with the Clients' Security Fund, must disclose the names of the banks in which such accounts are maintained and the identification number of each account. If respondent is to practice law in this State he must comply fully with our court rules regulating the practice of law, including *R.* 1:21–6(a).

Respondent admits to a violation of *R.* 1:4–1(b) in that the complaint filed by him in the Superior Court in May 1976 gave an out of the State business address and telephone number. He says that at the time he was unaware of the New Jersey business address and telephone number requirement and has since "corrected that situation on my pleadings."

■ Of major concern is respondent's failure to comply with *R.* 1:21–1(a). Admittedly he does not maintain his principal office for the practice of law in this State. Nor is he domiciled in New Jersey. Respondent's contention that his residence in Ventnor City during the summer months and on many weekends and holidays throughout the year satisfies the domicile requirement of our rule is lacking in any merit. The word "domicile" is used in *R.* 1:21–1(a) in its ordinary sense. It means one's home. See *O'Hara v. Glaser*, 60 *N. J.* 239, 248 (1972). Where there

is more than one residence, "domicile is that place which the subject regards as his true and permanent home." *Citizens Bank & Trust Co. v. Glaser,* 70 *N. J.* 72, 81 (1976). There can be no question but that respondent's present domicile is at 404 Chapel Road, Elkins Park, Pa. As noted, he is a registered voter in Pennsylvania. He has a Pennsylvania driver's license and automobile registration. His children go to school in Pennsylvania. All of the classic indicia of "domicile" are centered in his Elkins Park residence.

We impose no discipline at this time but admonish respondent that he may practice law in this State only if he conforms fully to Court Rules regulating the practice of law. He must be either domiciled in New Jersey or maintain his principal office for the practice of law here. Also, he must maintain in this State the bank accounts and records called for by *R.* 1:21–6(a) and (b) which relate to his practice in this State. Respondent is to cease practicing law in New Jersey forthwith until he complies with these requirements.

*For admonishment*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.