LASSER, P.J.T.C.
This is an appeal by Roxbury Township from a judgment of the Morris County Board of Taxation granting taxpayer an exemption from taxation for tax year 1982 on her home located at 4 Midland Road, Succasunna and known as Block 357, Lot 1.
The county tax board granted the exemption pursuant to N.J.S.A. 54:4-3.30(c), which provides:
The widow of any citizen and resident of this State, which citizen and resident died in active service in time of war in any branch of the Armed Forces of the United States, shall be entitled, on proper claim made therefor to an exemption from taxation on the dwelling house and the lot or curtilage whereon the same is erected, during her widowhood and while a resident of this State, for the time that she is the legal owner thereof and actually occupies the said dwelling house or any other dwelling house thereafter acquired.
It is undisputed that taxpayer is the widow of a U.S. Army officer who died in active service in time of war, that she is the owner of the subject property, that she occupies the dwelling house on the subject property as her legal residence, that she is a legal resident of this state and that she has not remarried. The taxing district contests the exemption on the ground that *76 taxpayer’s husband was not a “citizen and resident” of New Jersey. Taxpayer contends that her husband became a New Jersey resident in 1966.
The following facts were adduced in the course of the proceeding. Taxpayer’s husband, Major Richard B. Heydt, enlisted in the U.S. Army in 1956 at Reading, Pennsylvania. Taxpayer and her husband were married in Pemberton, New Jersey in 1958, while he was stationed at Fort Dix, New Jersey. During the next eight years, Major Heydt was transferred to several different duty stations in the United States and overseas. In July 1966, the Heydts returned to the United States after an extended tour in Germany. Taxpayer testified that at that time she and her husband established a permanent residence in Nutley, New Jersey, registered their car in New Jersey, acquired New Jersey drivers’ licenses, and used the New Jersey address of taxpayer’s brother as their permanent address. In August 1966, Major Heydt was assigned to Fort Leavenworth, Kansas. In December, 1966, he was assigned to Vietnam. He was killed in Vietnam on March 11, 1967.
Taxpayer produced a copy of Major Heydt’s service record which lists the Nutley, New Jersey address of taxpayer’s brother under item 33, captioned “Remarks”. Accompanying the service record was a letter from Lieutenant Colonel John C. Andrle, Chief, Enlisted Accession Branch, Directorate of Military Personnel Management, explaining that according to Army Regulation (AR) 611-103, an officer’s permanent home address is listed under item 33 of his Officer Qualification Record.
N.J.S.A. 54:4-3.30 requires the deceased serviceman to have been a “citizen and resident” of this state. This phrase is not defined in § 3.30, but the term “resident” is equated with “domiciliary” in a statute granting a veteran’s deduction from real and personal property taxes. N.J.S.A. 54:4-8.10(f). Further, when citizenship is used to refer to an individual’s relationship to a state of the United States, the term is generally considered synonymous with domicile. 25 Am.Jur.2d, Domicile, § 9 at 10-11 (1964); see Stifel v. Hopkins, 477 F.2d 1116, 1120 (6 *77 Cir.1973). I therefore conclude that the phrase “citizen and resident of this state” as used in N.J.S.A. 54:4-3.30, refers to a person domiciled in New Jersey.
A person’s domicile is that place which he regards as his true and permanent home. Matter of Jaffee, 74 N.J. 86, 90-91, 376 A.2d 1181 (1977). A domicile may be acquired by choice; its two essentials are (1) physical presence in the state and (2) a concomitant, unqualified intention to remain there indefinitely. Gosschalk v. Gosschalk, 48 N.J.Super. 566, 573, 138 A.2d 774 (App.Div.), aff’d 28 N.J. 73, 145 A.2d 327 (1958).
A serviceman’s intent to adopt a new domicile must be manifested by objective facts indicating that the desire to remain will not expire when the serviceman is transferred. Stifel v. Hopkins, supra at 1122. Major Heydt was domiciled in New Jersey upon his return from Germany and before being ordered to Fort Leavenworth, Kansas. He obtained a New Jersey driver’s license, a fact considered indicative of an intent to adopt a new domicile. Ibid. He purchased his automobile in New Jersey and notified the Army personnel office that his permanent address was Nutley, New Jersey.
Major Heydt was physically present in New Jersey for only a few weeks. However, New Jersey courts have recognized that “the concept of domicile must be applied flexibly case by ease to insure that the correct result is accomplished given a certain set of facts.” Rabinowitz v. N.J. State Bd. of Educ., 550 F.Supp. 481, 486 (D.N.J.1982); see Worden v. Mercer Cty. Bd. of Elections, 61 N.J. 325, 349, 294 A.2d 928 (1972) (Weintraub, C.J., concurring). The duration of Major Heydt’s presence in New Jersey is not a significant factor in determining his domicile, since a member of the Armed Forces has little control over the length of time he may spend in any jurisdiction before being transferred elsewhere. Major Heydt exhibited the requisite intent to adopt a New Jersey domicile, and that intent coincided with his physical presence in New Jersey. Accordingly, I find that Major Heydt was a citizen and resident of New Jersey and *78 that taxpayer, his widow, is entitled to exemption from taxation for the subject property pursuant to N.J.S.A. 54:4-3.30(c).
The Clerk of the Tax Court is directed to enter judgment dismissing the taxing district’s complaint.