62 N.J. Super. 265 (1960)
162 A.2d 608
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVE FASS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Hudson County Court, Law Division (Criminal).
Decided June 30, 1960.
*266 Mr. Joseph L. Freiman argued the cause for the defendant-appellant.
Mr. David M. Satz, Jr., Assistant Attorney General, argued the cause for the plaintiff-respondent (Mr. David D. Furman, Attorney General, attorney; Mr. Robert S. Miller, Deputy Attorney General, on the brief).
Mr. Grank J.V. Gimino, Assistant Prosecutor, also argued the cause for the plaintiff-respondent (Mr. Lawrence A. Whipple, Hudson County Prosecutor, attorney).
DUFFY, J.C.C.
This is an appeal from a conviction in the West New York Municipal Court of the offense of selling carpeting on Sunday in violation of Chapter 119 of the Laws of 1959 (N.J.S. 2A:171-5.8, et seq.).
The defendant is of the Orthodox Jewish faith and observes Saturday as the Sabbath, keeping his store closed, abstaining from all recreation and devoting the day to the exercise of religious worship. As a consequence, he contends: (a) that he is entitled to the immunity allowed by N.J.S. 2A:171-4 in the case of seventh day observers; (b) that Chapter 119 of the Laws of 1959 is violative of the Fourteenth and First Amendments of the United States Constitution and Sections Four and Five of Article One of the New Jersey State Constitution.
The appeal was heard de novo on February 15 and 16, 1960. At the conclusion of that trial, I ruled adversely as to the defendant's claim of immunity as an observer of the *267 Saturday Sabbath. From the evidence it was clear that the defendant did not come within the protection of N.J.S. 2A:171-4, which contains the following proviso:
"This section shall not be construed to allow any such person to openly expose to sale on Sunday any goods, wares, merchandise, or any other article or thing in the line of his business or occupation."
I determined as a matter of fact that the defendant had openly exposed the prohibited merchandise to sale on Sunday.
I reserved decision on the constitutional grounds urged by the defendant. The question of the general constitutionality of the statute was at the time pending in the New Jersey Supreme Court in the case of Two Guys from Harrison, Inc. v. Furman. The question of its religious validity was before the Federal District Court.
The opinion of the Supreme Court in Two Guys from Harrison, Inc. v. Furman, 32 N.J. 199 (1960) is dispositive of the defendant's contention as to the general unconstitutionality of the statute. Furthermore, by its characterization of the statute as non-religious and non-sectarian, the Supreme Court has considerably weakened the thrust of defendant's contention that the statute prohibits the free exercise of religion. Construed as a legitimate legislative exercise of the police power, the incidental or indirect hardship that the operation of the statute may occasion, even in the area of religion, must be weighed against the requirements of the general health, safety, morals and welfare of the community.
The defendant maintains that he is put under a competitive disadvantage with respect to his business rivals because his store is closed by reason of conscience on Saturday and legal sanctions on Sunday. He contends that his economic loss is so severe that he will be required either to yield his means of livelihood or compromise his religious convictions.
It seems to me, however, that when a person embraces the obligations of a religious sect, he is faced with the necessity of assuming the financial burdens which that choice *268 entails. The "free" exercise of religion does not logically carry with it the proposition that the members of a sect shall not be called upon to make some financial sacrifice in its behalf. "Free" as used in the Federal and State Constitutions is not synonymous with "at no cost." It signifies here rather an absence of government restriction or interference.
The case of Murdock v. Com. of Pennsylvania, 319 U.S. 105, 63 S.Ct. 891, 87 L.Ed. 1292 (1943) has been advanced by the defendant as an example of the invalidity of financial sanctions imposed upon the practice of religion. That case concerned a license tax imposed by a municipality on the distribution of religious literature. The Legislature, however, by its enactment of Chapter 119 of the Laws of 1959, did not interfere with or restrict the defendant's freedom to observe Saturday as a religious holiday. Any financial inconveniences arising from the voluntary cessation of business activities on a particular day are attributable to the citizen's exercising his right to do so. In all probability, the observance of other religious holidays of the Orthodox Jewish faith may be the occasion of further economic or financial hardship. But this is not the concern of the State. In fact, any attempt to redress the situation in favor of the religious practitioner would undoubtedly fall squarely into that category of legislation interdicted by the First Amendment.
The United States Supreme Court in Friedman v. New York, 341 U.S. 907, declined to entertain a claim that the New York Sabbath Law was violative of religious freedom by virtue of its effect upon persons observing a day other than Sunday as their holy day of rest. Our Supreme Court in the Two Guys from Harrison case, supra, decided that Chapter 119 is not a law respecting an establishment of religion. After considering the evidence here presented, I am of the opinion that the statute in question is equally free of any constitutional infirmity in relation to freedom of religion.
I find the defendant guilty.