167 N.J. Super. 16 (1979)
400 A.2d 492
EMERSON L. DARNELL, PETITIONER-APPELLANT,
v.
TOWNSHIP OF MOORESTOWN, RESPONDENT, AND DIRECTOR, DIVISION OF TAXATION, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 6, 1979.
Decided March 16, 1979.
*17 Before Judges LORA, MICHELS and LARNER.
Mr. Emerson Darnell, appellant, pro se.
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent Director, Division of Taxation (Ms. Erminie L. Conley, Assistant Attorney General, of counsel; Mr. Harry Haushalter, Deputy Attorney General, on the brief).
Respondent Township of Moorestown did not file brief.
The opinion of the court was delivered by LORA, P.J.A.D.
Petitioner, a conscientious objector during World War II, was assigned by the Selective Service System to "work of national importance" under civilian direction in lieu of military service from 1941 to 1945. His application for the 1972 tax year for the $50 annual veterans' deduction granted under N.J.S.A. 54:4-8.10 of the Local Property Tax Law for his home at 204 Eastbourne Terrace, Moorestown, was denied by the tax assessor of the Township of Moorestown and said denial was affirmed by the Burlington County Board of Taxation. Thereafter, the State Division of Tax Appeals determined that the appellant was in civilian service during the war, was not a veteran as *18 defined by N.J.S.A. 54:4-8.10(h) and hence did not qualify for the exemption.
On appeal, petitioner contends that the denial of such deduction to World War II civilian draftees who performed alternative service, imposes an annual, discriminatory penalty of cumulative economic impact for past "witness" to religious beliefs, in violation of N.J. Const. (1947), Art. I, par. 5, and penalizes them annually for their past exercise of their religious beliefs contrary to N.J. Const. (1947), Art. I, par. 3, and in violation of the First Amendment of the United States Constitution which is applicable to the states through the Fourteenth Amendment.
Appellant's alternative service duty included working as a fire tower operator, a forest fire fighter, a timber cruiser, a hookworm eradicator and taking part in a liferaft rations experiment.
N.J. Const. (1947), Art. VIII, § 1, par. 3, provides in pertinent part that
Any citizen and resident of this State now or hereafter honorably discharged or released under honorable circumstances from active service, in time of war or of other emergency as, from time to time, defined by the Legislature, in any branch of the Armed Forces of the United States shall be entitled, annually, to a deduction from the amount of any tax bill for taxes on real and personal property, or both, in the sum of $50.00 or if the amount of any such tax bill shall be less than $50.00, to a cancellation thereof, which deduction or cancellation shall not be altered or repealed.
The intent of the framers of this provision was to mandate statutory property tax relief to compensate veterans for the experiences of war and to encourage veterans to purchase property in this State. The minutes of the proceedings give no indication that the drafters of the provision intended to include conscientious objectors who served in civilian service during the war. 5 Proceedings of the New Jersey Constitutional Convention of 1947, Proceedings before Committee on Taxation and Finance, July 10, 1947, at pp. 666 to 672.
*19 The veterans' deduction, authorized and mandated by the aforesaid Article of the New Jersey Constitution, is implemented by N.J.S.A. 54:4-8.11:
Every person a citizen and resident of this State now or hereafter honorably discharged or released under honorable circumstances from active service in time of war in any branch of the Armed Forces of the United States and a widow as defined herein, during her widowhood and while a resident of this State, shall be entitled, annually, on proper claim being made therefor, to a deduction from the amount of any tax bill for taxes on real or personal property or both in the sum of $50.00 or if the amount of any such tax shall be less than $50.00, to a cancellation thereof.
The term "veteran" is defined as:
* * * any citizen and resident of this State honorably discharged or released under honorable circumstances from active service in time of war in any branch of the Armed Forces of the United States. [N.J.S.A. 54:4-8.10(h); emphasis supplied]
The phrase, "honorably discharged or released under honorable circumstances from active service in time of war," is further defined to include,
* * * every form of separation from active, full-time duty with military or naval pay and allowances in some branch of the Armed Forces of the United States in times of war.
[N.J.S.A. 54:4-8.10(d)]
The statute thus provides, pursuant to N.J. Const. (1947), Art. VIII, § 1, par. 3, that only veterans of active service in time of war in any branch of the armed services and their widows are entitled to the $50 tax deduction.
Petitioner does not contend that he is a "veteran" within the meaning of the Act. Rather, he contends that to exclude his class of World War II civilian draftees whose lives were disrupted similarly to those of military veterans violates his right to free exercise of religion guaranteed under N.J. Const. (1947), Art. I, par. 3, and the First Amendment *20 to the United States Constitution, and discriminates against them contrary to N.J. Const. (1947), Art. I, par. 5.
Both constitutional provisions forbid "class legislation" which arbitrarily discriminates against some and favors others in like circumstances. Washington Nat'l Ins. Co. v. Board of Review, 1 N.J. 545, 553 (1949); West Morris Reg. Bd. of Ed. v. Sills, 110 N.J. Super. 234, 247 (Ch. Div. 1970), rev'd on other grounds, 58 N.J. 464 (1971), cert. den. 404 U.S. 986, 92 S.Ct. 450, 30 L.Ed.2d 370 (1971).
As enunciated in Wilson v. Long Branch, 27 N.J. 360 (1958):
* * * the Legislature may classify different types of property owners and treat them differently without offending the fundamental law. The requirement of equal protection is satisfied if all persons within a class reasonably selected are treated alike. And a classification is reasonable if it rests upon some ground of difference having a real and substantial relation to the basic object of the particular enactment or on some relevant consideration of public policy. If there is a reasonable distinction, there is no oppressive discrimination. The Legislature has a wide range of discretion in this area and distinctions will be presumed to rest upon a rational basis if there be any conceivable state of facts which would afford reasonable support for them. [at 377]
It follows then that the granting of the $50 tax deduction to war veterans of the Armed Forces does not discriminate against the appellant on religious grounds under Art. I, par. 5, since the classification contained in the statute rests upon a rational basis related to relevant public policy considerations.
In Johnson v. Robison, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), a conscientious objector who had performed alternative civilian service in lieu of military duty was denied educational benefits under the Veterans' Readjustment Benefits Act of 1966 because he did not qualify as a veteran within the meaning of 38 U.S.C.A. § 1652(a)(1). He contended, among other things, that such denial violated the First Amendment guarantee of religious *21 freedom and equal protection principles as encompassed under the due process clause of the Fifth Amendment.
The court upheld the denial of educational benefits under the act to conscientious objectors who performed alternative civilian service. In doing so it found that the denial did not create an arbitrary classification in violation of such conscientious objectors' right to equal protection of the laws under the Fifth Amendment, since the disruption caused by active military service was quantitatively and qualitatively greater than that caused by alternative civilian service; that such distinctions formed a rational basis for Congress' classification limiting educational benefits to military service veterans as a means of helping them readjust to civilian life, alternative service performers not being required to leave civilian life to perform their service, and the statutory classification bore a rational relationship to the act's purpose of enhancing and making more attractive service in the armed forces.
The same philosophy underlying the enactment of the Veterans' Readjustment Benefits Act of 1966 motivated the New Jersey constitutional amendment and statutory implementation of the veterans' deduction for compensating war veterans and encouraging their adjustment to civilian life. Such veterans' preference laws do not involve a suspect class. Ballou v. State, 148 N.J. Super. 112, 122 (App. Div. 1977), aff'd 75 N.J. 365 (1978).
In response to a free exercise of religion argument, the court in Robison, supra, commented that the withholding of educational benefits involved "only an incidental burden upon * * * free exercise of religion  if, indeed, any burden exists at all." 415 U.S. at 385, 94 S.Ct. at 1174. The act was enacted pursuant to Congress' Art. I, § 8, powers to advance the neutral, secular governmental interest of enhancing military service and aiding the readjustment of military personnel to civilian life. The omission of conscientious objectors who performed alternative service from the class entitled to benefits was "not because of any legislative *22 design to interfere with their free exercise of religion, but because to do so would not rationally promote the Act's purposes." Ibid.
Likewise, in the instant case the denial of the $50.00 annual exemption is only an incidental burden, perhaps even less significant than the educational benefits denied in Robison, supra. Such minor financial impact may not be construed as impairing one's religious freedom, so long as that impact results from a valid secular goal, as opposed to an attempt at direct regulation. Cf. State v. Fass, 62 N.J. Super. 265 (Cty. Ct. 1960), aff'd 36 N.J. 102 (1961), app. dism. 370 U.S. 47, 83 S.Ct. 1167, 8 L.Ed.2d 398 (1962).
Reynolds v. Dukakis, 441 F. Supp. 646 (D. Mass. 1977), cited by petitioner, is inapposite. In that case appellant had served on active duty in the Coast Guard for 4 1/2 years when he was honorably discharged after having applied for and been granted conscientious objector status, said discharge entitling him to full GI benefits under federal law, a set of circumstances which the court cited as requiring Massachusetts to extend to him a tuition waiver available to other veterans. Id. at 652-654.
In view of all of the foregoing, it is our conclusion that the New Jersey veterans' deduction law constitutes a valid classification under the United States and New Jersey Constitutions since it is based on rational and fundamental public policy considerations and does not contravene the Fourteenth and First Amendments of the United States Constitution and Art. I of the New Jersey Constitution.
The judgment of the Division of Tax Appeals is affirmed.