MENYUK, J.T.C., (Va).
This matter comes before the court on the renewed motion of the defendant Township for summary judgment. The complaint was originally filed with the Tax Court and appeals a judgment of the Middlesex County Board of Taxation (“Board”) which dismissed plaintiffs petition with prejudice for lack of jurisdiction. The petition sought an exemption from local property taxes for plaintiffs residence for the period September 17, 1997 through December 31, 2004, pursuant to N.J.S.A. 54:4-3.30 to -3.34 (the “Act”). The Act grants an exemption from local property taxes for the dwelling house of a qualified totally disabled veteran.
The gravamen of plaintiffs complaint is that the Township granted all qualified veterans who applied for the exemption before him a refund of property taxes retroactive to the effective date of their disability as determined by the United States Department of Veterans Affairs (“VA”), and that he has been treated differently because he was not granted a fully retroactive refund. Plaintiff contends that the Township’s denial of his request for a refund of taxes to the effective date of his disability is contrary to the Township’s long-standing past practice and constitutes a violation of the Equal Protection Clause, U.S. Const, amend. XIV and N.J. Const, art. 1,111.
*508 The court concludes that the Township is entitled to an order granting summary judgment dismissing the complaint.
The court finds the following facts. On April 20, 2006, the VA issued a letter setting forth its determination that plaintiffs wartime service-connected disability was totally disabling, and that the effective date of the disability was September 17, 1997. On April 24, 2006, pursuant to N.J.S.A. 54:4-3.30 to 54:4-3.34, plaintiff filed an application for full exemption from local property taxes for his residence. The municipal assessor granted the application for tax year 2006 on the same date that the application was filed. She wrote to plaintiff and advised him that his application had been granted and also stated that, “I am advising the Tax Collector to arrange a refund of taxes you have paid for the 2006 tax year.” By resolution adopted on May 10, 2006, the Edison Township Municipal Council (“Township Council”) directed the refund to plaintiff of the first quarter real property taxes for tax year 2006, in the amount of $1,966.78.
By letter dated June 6, 2006, plaintiff and his wife wrote to the Township Council and requested a refund of local property taxes paid retroactive to September 17, 1997, the date that plaintiff became 100% permanently and totally disabled according to the VA. Their letter noted that the Township Council had, in the past, granted retroactive refunds of taxes back to the effective date of 100% permanent and total disability, and enclosed documentation as to grants of retroactive tax refunds to two other veterans.
By resolution adopted on June 28, 2006, the Township Council authorized a refund of plaintiffs 2005 taxes in the amount of $7,615.12.
Anthony Cancro, Edison’s former business administrator, wrote to plaintiff and his wife on October 31, 2006. According to the letter, Mr. Cancro was writing at the request of the council president to address plaintiffs request for a tax exemption retroactive to September 17, 1997. According to the letter, the Township had interpreted the veteran’s exemption statute as not requiring the refund of taxes to a veteran retroactive to the date on which the VA deems the veteran to have become permanently and *509 totally disabled, but rather to the date on which the VA issues its written decision, which in plaintiffs case was April 20, 2006. Mr. Cancro referred to an opinion issued by the New Jersey Division of Taxation, which was apparently not included with his letter and has not been made available to the court. Finally, the letter stated:
Although the Township Council, in keeping with past practices, approved an additional refund of one year, going beyond this point places an undue burden on the Township’s non-exempt taxpayers and finds little support as a matter of law. Further, I believe the Township has acted in the spirit of the law and has compensated you accordingly.
The letter concluded by denying any further retroactive payment.
Plaintiff and his wife responded by writing to Mr. Cancro, disputing his assertion that the Township had interpreted the statute as requiring relief only to the date of the written determination by the VA. They again enclosed documentation relating to two additional Edison residents who had both received recognition of tax exemption and tax refunds retroactive to the effective date of total and permanent disability as determined by the VA.
The first such grant was to a veteran who had received a September 29, 2005 determination from the VA that he was 100% totally and permanently disabled as a consequence of a wartime service-connected disability effective November 13, 2003. The Township council passed a resolution authorizing a retroactive refund of taxes for the first three quarters of 2005, and a second resolution refunding taxes back to November 13, 2003, the effective date of his total and permanent disability. The total refund was $10,867.70.
The second case documented by plaintiff and his wife was that of a veteran who in a letter from the VA dated June 2, 2005 was determined to be totally and permanently disabled effective November 1, 2004. The Township Council subsequently passed two resolutions granting the veteran tax refunds retroactive to the effective date of his total and permanent disability in the total amount of $1,858.12.
There was apparently no further response from Mr. Cancro, and on December 11, 2006, plaintiff and his wife wrote to the *510 Township Council, again requesting retroactive exemption and tax refunds to the effective date of his total and permanent disability. In that request, they documented twelve other veterans who had received tax refunds retroactive to the effective date of their total and permanent disability. Unlike plaintiff, however, in most of these eases the gap between the date of the VA determination and the effective date of the total and permanent disability was less than two years. In one case, it appears to have been two years, eight and one half months. The amounts of the refunds varied, with one veteran receiving a greater total refund ($13,570.98) than had been refunded to plaintiff ($9,581.90), and the rest receiving less.
Since the filing of this action, plaintiff has, through requests to the Township made pursuant to the Open Public Records Act, N.J.S.A. 47:1A-1 to -13 (“OPRA”), located documentary evidence of about twenty more retroactive refunds granted to qualified, totally disabled veterans back to the mid-1950’s. In one instance, the Township Council granted a refund for a period longer than had been requested by plaintiff. By determination dated October 27,1994, Clifford Miller received a determination of total disability effective May 27, 1982. In addition to a refund for the remainder of 1994, the Township Council granted Mr. Miller’s widow a refund of taxes in the amount of $19,162.91 for the period May 27, 1982 through 1993 by resolution adopted on November 23, 1994.[1] In two cases, the refund amount was greater than received by plaintiff. The Township granted a retroactive refund in 1984 to Theodore Baskerville for about four years of property tax payments, totaling about $11,000, with certain other amounts refunded to the veteran by the State.[2] In 1988, the Township Council *511 granted a refund to John Teller of five years of property tax payments with a total amount, $15,217.47, exceeding that paid to the plaintiff.
Following plaintiffs letter of December 11, 2006, the assessor wrote to plaintiff on January 3, 2007, stating that the Township Council had decided to revisit his request for a retroactive refund. There was apparently no further communication from defendant as to the outcome of this reconsideration of plaintiffs further request for a refund of taxes retroactive to September 17, 1997. It is clear from a February 7, 2007 memo from Mr. Cancro to members of the Township Council and minutes from Township Council meetings that plaintiffs request for further retroactive relief precipitated discussions regarding the codification of a policy to address the issue, rather than a reconsideration of his request.
On September 26, 2007, the Township Council adopted an ordinance, No. 1584-2007, effective on October 23, 2007, limiting a retroactive property tax refund to the current year and the prior year, but in no event greater than a twenty-four month period in the aggregate, for persons entitled to the veteran’s exemption under N.J.S.A. 54:4-3.30. The ordinance recited that the reason for the limitation was that retroactive refunds have a financial impact on the township that have to be compensated for by other taxpayers. Plaintiff does not contend, nor have there been any proofs offered, that defendant granted a retroactive refund for a period exceeding that provided by the ordinance to any totally disabled veteran who became eligible for exemption after plaintiff. From the information collected by plaintiff through OPRA, it appears that three qualified veterans were granted retroactive *512 refunds subsequent to plaintiff. The refunds were for periods ranging from twelve to twenty-one months, and were for amounts ranging from $5,305.52 to $9,466.71.
At some point, plaintiff inquired as to whether or not the Township Council had reconsidered his request, as the assessor had indicated it would. He was supplied with a copy of the ordinance in August 2008. Plaintiff appealed the denial of the retroactive exemption to the Middlesex County Board of Taxation on or about September 8, 2008. The Board issued its judgment on September 18, 2008, dismissing the petition for lack of jurisdiction and served it on September 23, 2008. Plaintiff filed his appeal in the Tax Court on October 30,2008. He seeks an additional refund of $45,896.69 for local property taxes paid for the period September 17, 1997 through December 31, 2004. He has indicated that he is willing to extend payment of the refund over a period of forty-eight months.
Plaintiff maintains that there is a material issue of fact precluding disposition of this matter by way of a motion for summary judgment. He contends that, prior to his application for a retroactive refund, the policy of the municipality was to grant such refunds retroactive to the effective date of the disability as determined by the VA. The municipality asserts that it had no formal policy prior to the adoption of the ordinance, but considered each request for retroactive tax refunds by disabled veterans on a ease-by-case basis.
Summary judgment should be granted when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2(c). “By its plain language, Rule 4:46-2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a ‘genuine issue as to any material fact challenged.’ ” Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529, 666 A.2d 146 (1995). If an opposing party offers no affidavits or matter in *513 opposition, that party cannot be heard to complain if the court grants summary judgment. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75, 110 A.2d 24 (1954). The court must consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party. Brill, supra, 142 N.J. at 540, 666 A.2d 146.
Viewing the facts in the light most favorable to plaintiff, the court finds that, whether or not it was a formal policy memorialized by ordinance, the Township in practice always refunded tax payments made by veterans eligible for an exemption pursuant to N.J.S.A. 54:4-3.30 back to the effective date of disability as determined by the Veterans Administration, when the veteran requested such a retroactive refund. Mr. Cancro’s February 7, 2007 memorandum to the members of the Township Council confirms that the past practice had been to refund retroactively to the date of disability assigned by the VA. The Township has not provided any evidence that any claimant who had requested a retroactive refund before plaintiff was denied a fully retroactive refund of taxes back to the date of effective disability. Accordingly, for purposes of this motion, the court finds that, prior to the time that plaintiff requested the retroactive refund, it was the Township’s de facto policy to grant a refund of taxes back to the date of effective disability to any eligible veteran who requested such a refund. The court therefore concludes that disposition by summary judgment is appropriate.
The Township first moved for summary judgment in February 2009. In that motion, defendant maintained that N.J.S.A. 54:4-3.32 made clear that any refund of tax payments made before the claim was filed was discretionary. The court denied the Township’s initial summary judgment motion without prejudice, having concluded that plaintiff had established that he had been treated differently than prior claimants, and having further concluded that an evidentiary hearing was desirable in order to establish the Township’s reasons for its actions. Following that hearing, the Township renewed its motion for summary judgment.
*514 Neither party questioned the jurisdiction of the Tax Court to hear this action. Nevertheless, following oral argument on the renewed motion for summary judgment, I determined that the Tax Court lacked jurisdiction.
The design of the Act is to exempt property as of the date an eligible veteran files a claim for exemption. N.J.S.A. 54:4-3.30a provides for the grant of the exemption “on proper claim made therefor.” Further, the assessor is directed to “allow” the exemption upon the filing of a claim. N.J.S.A. 54:4-3.32. Accordingly, there is no statutory right to an exemption for any period preceding the filing of a claim. It is undisputed that plaintiff did not file a claim until April 24, 2006. It is also undisputed that plaintiffs residence has been exempt from local property taxes from the date that he filed his claim.
Notwithstanding that the complaint is styled as an appeal from a judgment of the Board declining to consider his claim of exemption, it is plain that plaintiff does not seek an exemption; he seeks a refund of taxes for a period prior to the time his claim for exemption was filed. The Act does provide for a refund of tax payments made prior to the time that the eligible veteran files a claim. At the time that plaintiff requested the retroactive refund from the Township, N.J.S.A. 54:4-3.32 provided in pertinent part[3]: “The governing body of each municipality, by appropriate resolution, may return all taxes collected on property which would have been exempt had proper claim in writing been made therefor in the manner provided by this act ----” (emphasis added).
I conclude that the permissive language of the statute, “may return,” indicates a legislative intent to make any such refund discretionary, and not mandatory. See, e.g., Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 325, 744 A.2d 175 (2000) (“Under the ‘plain meaning’ rule of statutory construction, the word ‘may’ ordinarily is permissive and the word ‘shall’ generally is mandatory.”).
*515 There is no published case in which a New Jersey state court has considered the question, but at least one federal court has held that a retroactive refund under N.J.S.A. 54:4-3.32 is discretionary. McDowell v. Borough of Pine Hill, 736 F.Supp. 1313, 1319-20 (D.N.J.1990), aff'd., 919 A.2d 731 (3d Cir.1990) (holding that denial of a discretionary refund under N.J.S.A. 54:4-3.32 does not violate equal protection where some eligible veterans are determined to be totally disabled sooner than others).
Assembly Bill No. 2345, introduced on February 6, 2012, evidences that the current Legislature understands that the retroactive refund provided by N.J.S.A. 54:4-3.32 is wholly discretionary. The bill would amend the statute and make mandatory the return of taxes retroactive to the effective date of the disability. It would also require the state to reimburse the municipality for any such refund. The sponsors’ statement notes:
This bill is intended to address the problem that sometimes occurs in the determination of a veteran’s status as 100% disabled by the United States Department of Veterans Affairs. Such a determination may take several years to certify, which results in the payment by the veteran of real property taxes for those years. Under current law, a municipality is permitted, but not required, to refund these property taxes paid by a veteran who becomes certified as 100% disabled prior to the certification of that 100% disability. Many municipalities do not make such refunds, which results in a 100% disabled veteran, who is entitled to a property tax exemption, having to pay property taxes for years in which no such payment should have been required.
[Statement, A. 2345 (Feb. 6, 2012) (emphasis added)].
The bill was referred to the Assembly Housing and Local Government Committee on February 6, 2012 and has not been further acted upon. An identical bill, A. 978, was introduced in the last legislative session, but was not acted upon.
The court concludes from the foregoing analysis that the statutory plan requires the municipal assessor to grant an eligible veteran an exemption from the date the claim is filed and gives the municipality the discretion to grant retroactive refunds of taxes paid prior to the date the claim is filed.
The Tax Court was established by the Legislature and is an inferior court of limited jurisdiction. N.J.S.A. 2B:13-2, setting forth the jurisdiction of the Tax Court, provides:
*516 a. The Tax Court shall have jurisdiction to review actions or regulations with respect to a tax matter of the following:
(D Any State agency or official;
(2) A county board of taxation;
(3) A county or municipal official.
b. The Tax Court shall have jurisdiction over actions cognizable in the Superior Court which raise issues as to which expertise in matters involving taxation is desirable, and which have been transferred to the Tax Court pursuant to the Rules of the Supreme Court.
c. The Tax Court shall have jurisdiction over any other matters as may be provided by statute.
d. The Tax Court jurisdiction shall include any powers that may be necessary to effectuate its decisions, judgments and orders.
The determination from which plaintiff appeals, the denial of a tax refund, is not the action of the Board, which properly dismissed plaintiffs complaint for lack of jurisdiction. The determination to deny the refund was also not that of a municipal official. The action that plaintiff contends was unconstitutional was that of defendant’s governing body, which denied him further refunds. The action essentially seeks “review of the action (or inaction) of the governing body of [the] Township. That kind of proceeding, by which plaintiffi ] s[eeks] relief in the nature of mandamus, viz., to compel the governing body to exercise discretionary functions, [is], in the first instance, cognizable only in the Law Division of the Superior Court.” Alid, Inc. v. Twp. of North Bergen, 180 N.J.Super. 592, 603, 436 A.2d 102 (App.Div.1981), appeal dism., 89 N.J. 388, 446 A.2d 126 (1981). The action was therefore transferred to the Law Division, to which I was temporarily assigned for purposes of adjudicating the claims raised in the action. See Alid, Inc. v. Town of North Bergen, 89 N.J. 388, 446 A.2d 126 (1981) (ordering that any action pending in the Tax Court and seeking relief in lieu of prerogative writ be transferred to the Law Division).
The issue in this case is whether the Township’s decision to change its policy of refunding local property taxes paid by an eligible veteran retroactive to the date of effective disability violates guarantees of equal protection under the United States and New Jersey constitutions. The standards of review under the two constitutions are somewhat different.
*517 “[F]ederal equal protection analysis traditionally involves different tiers or levels of review.” Greenberg v. Kimmelman, 99 N.J. 552, 564, 494 A.2d 294 (1985) (citations omitted). Legislative classifications implicating a fundamental right or suspect class are subject to strict scrutiny, which requires that a compelling governmental interest support the classification. Ibid. There is also an intermediate level of review “when a substantial right is affected indirectly or when a semi-suspect class, such as gender, is involved.” Id. at 565, 494 A.2d 294. In such cases, the governmental interest “must ‘serve important governmental objectives and must be substantially related to the achievement of those objectives.’ ” Id. at 565, 494 A.2d 294 (citations omitted). “With other rights, however, the legislative classification need only be rationally related to a legitimate interest.” Id. at 564, 494 A.2d 294. (citation omitted).
New Jersey courts employ a balancing test in evaluating a claim that legislation violates equal protection under the New Jersey Constitution. Caviglia v. Royal Tours of Am., 178 N.J. 460, 472, 842 A.2d 125 (2004). “That test weighs ‘the nature of the affected right, the extent to which the governmental restriction intrudes upon it, and the public need for the restriction.’ ” Id. at 473, 842 A.2d 125 (quoting Greenberg, supra, 99 N.J. at 567, 494 A.2d 294). “[T]he means selected by the Legislature [must] ‘bear a real and substantial relationship to a permissible legislative purpose.’” Caviglia, supra, 178 N.J. at 473, 842 A.2d 125.
“Although ... consideration of an equal protection claim under New Jersey’s balancing test differs analytically from the rational basis test, ‘the two approaches are substantially the same and will often yield the same result.’ ” N.J. State Bar Assn. v. State, 387 N.J.Super. 24, 43, 902 A.2d 944 (App.Div.), certif. denied, 188 N.J. 491, 909 A.2d 726 (2006) (citations omitted).
The classification identified by plaintiff in his original complaint was: (1) those veterans that applied before plaintiff and received fully retroactive refunds; and (2) plaintiff himself, who was denied a fully retroactive refund and, by extension, those veterans who applied after enactment of the ordinance who were *518 similarly denied a fully retroactive refund. That temporal classification does not implicate a suspect or semi-suspect class or a fundamental or substantial right, and would require only a “rational basis” review.
In a last minute attempt to require that this court apply strict scrutiny to his claim, however, plaintiff contended for the first time in his opposition to the Township’s renewed motion for summary judgment that he has been discriminated against because he was “born, raised and educated in Italy.” The only evidence of this claim is his uncertified statement that he and Anthony Funaro are the only Italian-born veterans qualified for exemption under the Act in the Township and that both he and Mr. Funaro were denied fully retroactive refunds of property tax. As plaintiff also stated, however, Mr. Funaro’s claim, as well as the claim of two other (apparently non-Italian-born) veterans, were both filed after enactment of the ordinance limiting retroactive refunds. All received only the limited retroactive refund permitted by the ordinance. The court concludes that plaintiffs recent claim is no more than a bare allegation not supported by the record, and does not merit further consideration. Cf. U.S. Pipe & Foundry Co. v. Am. Arbitration Ass’n, 67 N.J.Super. 384, 399-400, 170 A.2d 505 (App.Div.1961) (“[b]are conclusions in the pleadings, without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment”).
In evaluating whether the Township Council’s change in policy meets the rational basis test, it is not necessary for the legislative body to have actually articulated the purpose or rationale supporting its classification. Nordlinger v. Hahn, 505 U.S. 1, 15, 112 S.Ct. 2326, 2334, 120 L.Ed.2d 1, 15-16 (1992). The policy furthered by the difference in treatment must only be “plausible.” Id. at 11, 112 S.Ct. at 2332, 120 L.Ed.2d at 13. “This standard is especially deferential in the context of classifications made by complex tax laws” and the United States Supreme Court has afforded states great latitude “in making classifications and drawing lines which in their judgment produce reasonable systems of taxation.” Ibid. See also Carmichael v. S. Coal & Coke Co., 301 *519 U.S. 495, 509, 57 S.Ct. 868, 872, 81 L.Ed. 1245, 1253 (1937) (as long as exemptions from taxation are based on “distinctions of degree having a rational basis,” they must be presumed to rest on a rational basis if there is any conceivable state of facts which would support them); Madden v. Kentucky, 309 U.S. 83, 87-88, 60 S.Ct. 406, 408, 84 L.Ed. 590, 593 (1940) (legislatures have broad discretion as to classification for taxation purposes); Taxpayers Ass’n of Weymouth Twp. v. Township of Weymouth, 71 N.J. 249, 283, republished as corrected, 80 N.J. 6, 40, 364 A.2d 1016 (1976) (under equal protection analysis, classification must be sustained if justifiable “on any reasonably conceivable state of facts” and “[i]t does not matter that the classification may be mathematically imperfect or that it results in some inequities in practice”), cert. denied sub. nom. Feldman v. Weymouth Twp., 430 U.S. 977, 97 S.Ct. 1672, 52 L.Ed.2d 373 (1977).
As evidenced by Mr. Cancro’s October 31, 2006 letter to plaintiff and his wife, Mr. Cancro’s February 7, 2007 memorandum to the Township Council members, minutes of a Township Council meeting considering plaintiffs request for a retroactive refund, and minutes of various Township Council meetings considering the adoption of an ordinance setting forth a formal policy on retroactive refunds for veterans eligible for exemption under the Act, the concern was the amount of money necessary to continue giving fully retroactive refunds. As expressed in Mr. Cancro’s October 31, 2006 letter, “going beyond [the refunds for 2005 and 2006 previously paid to plaintiff] places an undue burden on the Township’s non-exempt taxpayers____” As noted above, Ordinance No. 1584-2007 itself recited: “In determining an award for a municipal tax exemption, the Township has determined that the Township will only return municipal property taxes for the current year and prior year but not greater than for a 24 month period in the aggregate since retroactive refunds have a financial impact upon the Township that must be compensated for by non-exempt taxpayers.” Although not mentioned in the ordinance or in the relevant correspondence or minutes, it is conceivable that the Township Council may also have considered that a new generation *520 of eligible veterans would be arriving home from United States operations in Iraq and Afghanistan.[4]
It is not material that the municipality had available the actual sum plaintiff claimed as a refund. Rather, the denial of a fully retroactive refund was a determination by the Township Council as to how it wanted to spend its resources. The court notes that plaintiff included in his papers excerpts from various newspaper articles as evidence of the availability of a surplus in the municipal budget which could be used to pay the refund he is demanding. Those same articles demonstrate, however, that the Township has been struggling to allocate its resources among the demands being made upon it. As indicated in the minutes of a working session of the Township Council’s March 26, 2007 meeting, the municipal attorney stated that it was the intent to find “a fair time period for everyone.” Clearly, if the Township continued to grant fully retroactive refunds, there would either be less money for other needs or it would be necessary to raise additional tax monies from non-exempt taxpayers. The court concludes that the Township’s determination to change its longstanding policy to grant fully retroactive refunds of taxes paid by eligible totally disabled veterans, commencing with plaintiffs application, had a rational basis and did not violate the Equal Protection Clause of the United States Constitution.
The court also concludes that there is no violation of N.J. Const. art. I, H 1. The right implicated here is plaintiffs entitlement to a refund of local property taxes paid on his residence back to the effective date of his disability under the Township’s long-standing policy. The special tax treatment of veterans is provided for in our state Constitution. See N.J. Const, art. VIII, § 1, 113, which provides, generally, for a deduction from local property taxes for veterans honorably discharged from active service in time of war. As particularly pertinent here, it further provides that: “Any person hereinabove described who has been or shall be declared by the United States Veterans Administration, or its successor, to *521 have a service-connected disability, shall be entitled to such further deduction from taxation as from time to time may be provided by law.” “The intent of the framers of [IV. J. Const. art. VIII, § 1,113] was to mandate statutory property tax relief to compensate veterans for the experiences of war and to encourage veterans to purchase property in this State.” Darnell v. Township, of Moorestown, 167 N.J.Super. 16, 18, 400 A.2d 492 (App.Div.1979).
However, our Constitution also makes clear that laws concerning municipal governments are to be liberally construed in favor of those governments and the powers granted to a municipal governing body “shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law.” N.J. Const. art. IV, § 7, H 11. “Municipal action will be overturned by a court if it is arbitrary, capricious or unreasonable. However, municipal actions enjoy a presumption of validity. Thus, a challenge to the validity of a municipal ordinance or action must overcome the presumption of validity—a heavy burden.” Bryant v. City of Atlantic City, 309 N.J.Super. 596, 610, 707 A.2d 1072 (App.Div.1998).
This court must therefore balance the special status accorded veterans with the deference accorded to a municipal government’s management of its financial affairs. See, e.g., City of Ocean City v. Somerville, 403 N.J.Super. 345, 363, 958 A.2d 465 (App.Div.2008) (“the Legislature has dedicated fiscal and budgetary matters of a municipality exclusively to its governing body”); see also N.J.S.A. 40:48-1 (“The governing body of every municipality may make, amend, repeal and enforce ordinances to ... 1. Manage, regulate and control the finances and property, real and personal, of the municipality”).
N.J. Const. art. VIII, § 1, K 3 gives the Legislature the discretion to determine to what extent disabled veterans will be further compensated. As explained above, the Legislature has determined that a qualified veteran will be fully exempt from the time that the veteran has been declared by the VA to be totally *522 disabled and has made the appropriate claim to the municipality, which cannot be made without the appropriate declaration from the VA as to total disability. N.J.S.A 54:4-3.31. There may be and frequently is a gap in time between the effective date of disability and the date of the eventual VA determination of total disability. The Legislature has nevertheless given each municipality the discretion to determine to what extent a veteran will be refunded taxes prior to the date of his application. N.J.S.A. 54:4-3.32.
Nothing before the court indicates that the action taken by the Township Council in denying plaintiffs request for a fully retroactive refund was arbitrary, irrational or capricious. Rather, the evidence indicates that, consistent with our Constitution, the intention of the Township Council was to balance in a fair way its obligations to qualified and eligible veterans with its obligation to be fiscally responsible and limit the tax burdens imposed on the remaining non-exempt taxpayers. I conclude that the Township Council’s change of policy did not constitute a violation of the guarantee of equal protection contained in N.J. Const, art. I, 111.
That plaintiff was the first to be affected by the change in policy does not make the denial of a fully retroactive refund irrational, arbitrary or capricious. As required by N.J.S.A. 54:4-3.32, the Legislature has directed that the municipal governing body act “by appropriate resolution” in making the determination as to whether and to what extent there will be a refund of taxes. As demonstrated by the copies of several Township Council resolutions adopted in connection with retroactive refunds that were included in plaintiffs submissions to the court, the Township Council has consistently acted in these matters by way of resolution, as directed by the Legislature. Under these circumstances, it was not unreasonable for the Township Council to change its de facto policy and limit plaintiffs refund by way of resolution. The Township Council subsequently determined to adopt a policy consistent with the determination made in plaintiffs case and enacted an ordinance expressing that policy. The evidence indicates that the Township has, without exception, followed the new policy since it denied plaintiff the full refund he requested.
*523 The court recognizes that that the Township’s change of policy produced what, in plaintiffs view, is a harsh result. However, while plaintiff may have had an expectation of a fully retroactive refund as a consequence of his service-connected total disability, he does not allege nor is there any evidence that he changed his actions in reliance upon the Township’s past policy. Reliance on the existing law has been a significant factor in decisions pertaining to the application of tax statutes that have a retroactive effect. In Klebanow v. Glaser, 80 N.J. 367, 403 A.2d 897 (1979), the Court held that there was no constitutional bar to retroactive application of a new tax where “the plaintiff should have been aware that serious consideration was being given to some form of income tax long before the sale of his stock.” Id. at 377, 403 A.2d 897. More recently, the Court clarified that, regardless of a statute’s constitutionality, where a taxpayer’s “reasonable reliance on the prior law outweighs the public’s interest in retroactive application” of [an amendment to a tax statute] ... “it would be manifestly unjust to apply” the amendment retroactively. Oberhand v. Director, Division of Taxation, 193 N.J. 558, 574, 940 A.2d 1202 (2008). Oberhand involved an amendment to the estate tax that applied to estates of decedents who died prior to enactment of the legislation but after its retroactive effective date. The court concluded that the affected decedents did not have an opportunity to amend their estate plans prior to their deaths and, on balance, “it would be unfair and harsh to apply the Amendment retroactively.” Ibid. As contrasted with Oberhand, plaintiff did not rely to his detriment on the Township’s prior policy, and there is no action that plaintiff could have taken to affect his eligibility for a fully retroactive refund, even if he had known in advance of the Township’s intention to change its policy.
For the foregoing reasons, defendant’s motion for summary judgment must be granted.

 Plaintiff contends that Samuel Gettis received a retroactive refund for a ten-year, four-month period. Upon review of the documentation supplied by plaintiff, it appears that Mr. Gettis received a refund for a four-year period, and an additional two years of taxes were forgiven as uncollectible.

 At one time, the Legislature appropriated some funds for retroactive refunds of local property taxes for qualified totally disabled veterans to the extent that municipalities did not fully reimburse them. See, e.g., L. 1997, c. 131 at 645. *511 Those funds were administered by the Director, Division of Taxation. See 29 N.J.R. 4411(a) (Oct. 20, 1997), 30 N.J.R. 380(a) (Jan. 20, 1998) (proposing and adopting regulations, codified at N.J.A.C. 18:12-11.1 to -11.4, which set forth procedures for making application for retroactive refunds and for the distribution of such funds). The court could not locate any such appropriations subsequent to 1999 (for fiscal year 1999-2000). When the Division of Taxation promulgated new regulations in 2005, the sections pertaining to retroactive refunds for totally disabled veterans were not included. 37 N.J.R. 1128(a) (Apr. 18, 2005); 37 N.J.R. 4462(a) (Nov. 21, 2005).

 N.J.S.A. 54:4-3.32 was amended by L. 2007, c. 317, § 3 (pertaining to the surviving spouse of an eligible veteran).

 Plaintiff is a veteran of the Vietnam War.