# TAX COURT OF NEW JERSEY



**Kathi F. Fiamingo**
**Judge**

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 Ext 38303

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE TAX COURT
COMMITTEE ON OPINIONS**

April 18, 2018

George J. Singley, Esq.
Singley & Gindele Attorneys at Law, LLC
200 Haddonfield Berlin Road,
High Ridge Commons – Unit 400
Gibbsboro, New Jersey 08026

David C. Patterson
Maressa Patterson
191 West White Horse Pike
Berlin, New Jersey 08009

> Re:     Michael J. Taylor Sr. v. Township of Waterford
>          Docket No. 000668-2017

Dear Counsel:

This letter constitutes the court's opinion with respect to trial of this matter which took place on February 27, 2018.  For the reasons explained more fully below, the court reverses the decision of the Camden County Board of Tax Appeals affirming defendant's denial of plaintiff's entitlement to the Disabled veteran's exemption described in N.J.S.A. 54:4-3.30.

## I.     Finding of Facts and Procedural History

The court makes the following findings of fact based on the testimony adduced at trial.

Plaintiff, Michael J. Taylor, Sr. is the owner of the real property identified as Block 6502, Lot 10 on the official tax map of the Township of Waterford, County of Camden, New Jersey (the

*

"Township") and commonly known as 1102 Beechwood Drive, Atco, New Jersey 08004 (the "subject property"). On November 15, 2005, Plaintiff was declared a 100% disabled veteran by the Department of Veteran Affairs.

Plaintiff purchased the subject property on February 27, 2009. Having previously been declared as having sustained a 100% service-connected disability by the United States Veterans Administration, he applied for and received the exemption from tax available to a disabled veteran pursuant to N.J.S.A. 54:4-3.30(a). In March 2016 at the request of the Tax Assessor, plaintiff completed and submitted a "Certification of Eligibility to Continue Receipt of Disabled Veteran's Real Property Tax Exemption." On that form, plaintiff certified, that he was a disabled veteran and a legal resident of the State of New Jersey; that his wartime service-connected disability, as declared by the U.S. Veteran's Administration, remained 100%; and that he was the owner of the subject property which was his principal place of residence. At the request of the Assessor, plaintiff provided a copy of his driver's license, issued by the State of Florida upon which was listed an address in Valrico, Fl.

By notice dated September 2016 the Township Tax Assessor informed plaintiff that she was placing an added assessment for 12 months of 2015 ($7,701.60) and 12 months of 2016 ($7909.48) and advised plaintiff of his right to appeal that assessment by December 1, 2016. A Notice of Disallowance of Claim for Veteran's Property Tax Deduction/Exemption was also issued indicating that plaintiff's application for exemption had been denied because he failed to be a "legal or domiciled resident of the State of New Jersey" and that he was a "Resident of Florida per Florida Driver's License & Voter registration." This form, dated 9/20/2016 advised plaintiff he had the right to appeal by April 1 of the following year.

Plaintiff filed a petition with the Camden County Board of Taxation challenging the assessment and denial of the exemption. On December 19, 2016, the county board issued a memorandum Judgment affirming the assessment and denying the exemption. The judgment indicated that it was mailed to plaintiff on December 21, 2016. On February 15, 2017, plaintiff filed a Complaint in this court challenging the county board Judgment[1].

This matter was tried on February 27, 2018. At trial plaintiff testified that he considered his home in Waterford his primary and permanent residence since he purchased it in 2009 and that the location in Florida was merely a vacation home. He also testified that he obtained a Florida driver's license in 2004, when he did not own a home in New Jersey, for the benefits it accorded him – such as free "tags", free license due to his veteran status, and reduced entrance fees into State parks. He registered to vote in Florida in order to vote by mail in the Presidential elections of 2008 and 2012. He testified that he was unaware that he would have been able to vote by absentee ballot in those elections in New Jersey. When confronted with the fact that the records indicated that he had also voted in the 2010 elections in Florida (which were not presidential elections), he was unable to recall why he would have done so.

All of his Federal income tax returns were filed indicating the residence in New Jersey as his home and all bills were sent to him at his Waterford address, including bills for automobile and homeowners' insurance, and credit card bills. His address for purposes of social security benefits,

---

[1] At the request of the court, counsel for plaintiff provided the following information. The complaint had been mailed to the Clerk of the Tax Court on January 27, 2017. That complaint was marked "Received But Not Filed, Must be eFiled via eCourts" January 30, 2017 and returned to counsel together with a Notice advising that as of December 8, 2015 all submissions to the Tax court were required to be made via electronic filing in the eCourt's system. The form from the Clerk, dated 1/31/2017 informed counsel that "If the [complaint/supporting documents] are resubmitted electronically via eCourts within fifteen days of the date of this notice, the Filed date will be the "Received but not Filed – Must Be eFiled via eCourts date stamp." Thus, the complaint although filed February 15, 2017, was deemed filed January 30, 2017. If filed February 15, 2017, the complaint would have been untimely. See N.J.S.A. 54:51A-9 (Review of judgments of county boards of taxation must be filed within 45 days of service of the judgment) and dismissed for lack of jurisdiction. See McMahon v. City of Newark, 195 N.J. 526 (2008) (failure to meet statutorily imposed deadlines is a fatal jurisdictional flaw).

pension benefits and banking all reflected his New Jersey address. He received magazines and all other mail at his New Jersey residence. His family, including his sons, grandson and 97-year old father-in-law reside in New Jersey, as does his handicapped brother for whom he is Guardian. Plaintiff and his wife testified credibly that they spent the majority of their time each year in New Jersey (substantially more than 6 months each year) and that they considered their Florida location as merely a vacation property. They both testified that the Florida property was sold in June, 2016 and that after this time they spent no time in Florida. Further, plaintiff gave up his Florida driver's license obtained a New Jersey license and re-registered to vote in New Jersey in 2016.

Legal Issues and Analysis

A. Standard of Review

An exemption from taxation is a departure from the equitable principle that everyone should bear their just and equal share of the public burden of taxation. Princeton Univ. Press v. Princeton, 35 N.J. 209, 214 (1961); Princeton Tp. v. Tenacre Foundation, 69 N.J. Super. 559, 563 (App.Div.1961). "Taxation is the rule, and the claimant bears the burden of proving an exemption." N.J. Carpenters Apprentice Training & Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 177 (1996), cert. denied, 520 U.S. 1241 (1997). Therefore, the court remains mindful that taxation is the rule and exemption is the exception to the rule. Princeton Univ. Press, 35 N.J. at 215. This rule reflects the well-established policy that "the public tax burden is to be borne fairly and equitably." International Schools Services, Inc. v. West Windsor Twp., 207 N.J. 3, 15 (2011). For that reason, an entity seeking a tax exemption has the burden of showing its entitlement to the exemption. Ibid. The legislative design to release one from his just proportion of the public burden should be expressed in clear and unequivocal terms. Board of National

Missions of Presbyterian Church v. Neeld, 9 N.J. 349, 353 (1952). Thus, the burden is upon the claimant to clearly bring himself within an exemption provision. Ibid.

B. Discussion

To establish his right to a property tax exemption, Plaintiff must satisfy the statutory five-part test that flows from N.J.S.A. 54:4-3.30(b)(2). Entitlement to an exemption from real property taxes for a dwelling then requires a party to prove:

> (1) "[a] citizen and resident of this State"; (2) "now or hereafter honorably discharged or released under honorable circumstances"; (3) "from active service, in time of war"; (4) "in any branch of the Armed Forces of the United States"; (5) "who has been or shall be declared by the United States Veterans Administration or its successor to have a service-connected disability . . . declared by the United States Veterans Administration or its successor to be a total or 100% permanent disability . . . sustained through enemy action, or accident, or resulting from disease contracted while in such active service . . ."
> [Wellington v. Twp. of Hillsborough, 27 N.J. Tax 37, 48 (Tax 2012) (quoting N.J.S.A. 54:4-3.30(a)).]

The New Jersey Appellate Division described the statute's purpose and authorization in the following way:

> The statute's enactment embodies the State Constitution's authorization to adopt statutes granting veterans tax exemptions. See N.J. Const. art. VIII, § 1, ¶3 (1947). The Legislature has provided for two types of property tax benefits for veterans; a partial deduction for veterans, honorably discharged, who served in "active service in time of war," N.J.S.A. 54:4-8.11; and a total exemption for veterans, honorably discharged, who served in "active service in time of war," and who have been declared disabled as a result of their service, N.J.S.A. 54:4-3.30(a).
> [Fisher v. City of Millville, 450 N.J. Super. 610 (App. Div. 2017).]

"The people, through the adoption of the Constitution, and the Legislature, through adoption of the implementing statutes, intended that the Veterans Administration determination of disability would not only be defining, but also controlling." Galloway Tp. v. Duncan, 29 N.J. Tax

520, 526 (Tax 2016). Plaintiff served honorably during the Vietnam War and was declared to have a service-connected disability deemed to be a total disability by the Department of Veteran's Affairs. There is no dispute that Plaintiff satisfies those elements of the statute.

"The intent of the framers of this [constitutional] provision was to mandate statutory property tax relief to compensate veterans for the experiences of war and to encourage veterans to purchase property in this State." Ibid. (quoting Darnell v. Moorestown, 167 N.J. Super. 16, 18 (App. Div. 1979), certif. denied, 81 N.J. 292 (1979) (citing, 5 Proceedings of the New Jersey Constitutional Convention of 1947, Proceedings Before the Committee on Taxation and Finance, July 10, 1947, at pp. 666-72)).

The statute itself does not define the terms "citizen" and "resident." However, In Twp. of Roxbury v. Heydt, 6 N.J. Tax 73, 77 (Tax 1983), the tax court noted that "[a] person's domicile is that place which he regards as his true and permanent home. A domicile may be acquired by choice; its two essentials are (1) physical presence in the state and (2) a concomitant, unqualified intention to remain there indefinitely." (Citations omitted). The Tax Court held that "the term 'resident' is equated with 'domiciliary' in a statute granting a veteran's deduction from real and personal property taxes. N.J.S.A. 54:4-8.10(f)." Id. at 76. "Further, when citizenship is used to refer to an individual's relationship to a state of the United States, the term is generally considered synonymous with domicile. 25 Am.Jur.2d, Domicile, § 9 at 10-11 (1964); see Stifel v. Hopkins, 477 F.2d 1116, 1120 (6th Cir. 1973)." Ibid. Based on the foregoing, the Tax Court concluded that "the phrase 'citizen and resident of this state' as used in N.J.S.A. 54:4-3.30, refers to a person domiciled in New Jersey." Ibid. (Reaffirmed in Wolff v. Baldwin, 9 N.J. Tax 11, 24 (1986)).

Moreover it also established that, "the concept of domicile must be applied flexibly case by case to ensure that the right result is accomplished given a certain set of facts." Rabinowitz v.

N.J. State Bd. of Educ., 550 F. Supp. 481, 486 (D.N.J. 1982); see Worden v. Mercer County Bd. of Elections, 61 N.J. 325, 349 (1972) (Weintraub, C.J., concurring). In In re Jaffe, 74 N.J. 86 (1977), the Court dealt with the meaning of "domicile" in the context of R. 1:21-1(a), which concerns the requirements for practicing law in New Jersey. The Court said "(t)he word 'domicile' is used in R. 1:21-1(a) in its ordinary sense. It means one's home. . . . Where there is more than one residence, 'domicile is that place which the subject regards as his true and permanent home'." Id. at 90-91. The Appellate Division expanded upon this holding that a domicile may be acquired by choice and that its two essential elements are physical presence in the state and a concomitant, unqualified intention to remain there indefinitely. Gosschalk v. Gosschalk, 48 N.J. Super. 566, 573 (App. Div.), aff'd 28 N.J. 73 (1958).

Here, the Township argues that plaintiff was not "a citizen and resident" of the State of New Jersey as defined under the exemption statute because he held a Florida's Driver's License and was registered to vote in Florida. The Township considered no other factors in making that determination.

Several factors have been identified as relevant in determining a person's domicile. These include telephone bills; gas and electric bills; place from which taxes are filed; mailing address; membership in local clubs; driver's license and automobile registration addresses; place where the person spends the greater amount of time; newspaper subscriptions; and location of schools attended by children. *See, e.g.,* State v. Benny, 20 N.J. 238, 240-49 (1955). In furtherance of the significance of these factors it has long been held that "the best and most trustworthy evidence of intention is to be found in plaintiff's acts." Firth v. Firth, 50 N.J. Eq. 137, 142 (Ch. 1892). In establishing domicile "a person has the right to choose his own domicil, and his motive in doing so is immaterial. The change may be made to avoid taxation, so long as the necessary ingredients

for establishment of the new domicil are present. A very short period of residence in a given place may be sufficient to show domicil, but mere residence, regardless of its length, is not sufficient." Lyon v. Glaser, 60 N.J. 259, 263 (1972). However, while it is true that a person has a right to choose his domicile and the motives for his choice are immaterial to a determination of domicile, "declarations of domicile motivated by tax considerations may be carefully scrutinized and readily rejected when negated by the objective circumstances." Lyon v. Glaser, 60 N.J at 281 (Jacobs, J. dissenting). In order to determine domicile the court will consider "a person's domicile that place which he regards as his true and permanent home." Roxbury Tp. v. Heydt, 6 N.J. Tax 73, 77 (Tax 1983) (citing Matter of Jaffee, 74 N.J. at 90-91). Domicile may be acquired by choice; the two essentials are (1) physical presence in the state and (2) a concomitant, unqualified intention to remain there indefinitely. Gosschalk v. Gosschalk, 48 N.J. Super. at 573.

Here, Plaintiff and his wife credibly testified that their home was in New Jersey at all times and that they intended for New Jersey to be their domicile. This testimony of intent is relevant; if the testimony were otherwise it would serve to negate domicile. However, "[s]ince the salient facts to the inquiry of the domiciliary intent of the taxpayers are almost entirely within their possession, they being interested parties, the court places greater weight upon the objective facts placed in evidence over the alleged intentions as orally stated by plaintiffs." Swain v. Neeld, 28 N.J. 60, 64 (1958).

The documentary evidence presented by plaintiff included plaintiff's Federal income tax return for 2016 which set forth New Jersey as the plaintiff's place of residence. Plaintiff testified that he informed his tax preparer that New Jersey was his primary residence for the years 2014, 2015 and 2016 and that he never filed a tax return in the State of Florida. Evidence was submitted that plaintiff's homeowner's insurance bill, car insurance bills and notices, social security benefits,

pension fund benefits and notices, bank statements for plaintiff's only savings and checking account, and credit card bills were all sent to the New Jersey address; plaintiff's AAA insurance policy listed the New Jersey address as his primary residence; plaintiff's membership in the Veteran's Association reflected his New Jersey address and magazines related to that membership were mailed to the New Jersey address. Plaintiff established that all of the members of his and his wife's immediate family lived in New Jersey. Further plaintiff and his wife testified credibly that they were physically in New Jersey for the majority of every year during which they owned the Florida property; that they had rented the Florida property to third parties, but had not rented their home in New Jersey to third parties; and that the Florida property was sold in July 2016 and had not been replaced since.

In denying the exemption the Township relied solely upon plaintiff's Florida driver's license and Florida voter's registration. Plaintiff's testimony that the reason he obtained a Florida Driver's license was to enjoy the benefits of discounts at state parks and that as a veteran the license and tags were free was his motivating factor to do so was persuasive as was his testimony that he only registered to vote in Florida because he could do so by mail. Moreover, the testimony of plaintiff and his wife that they always intended and believed New Jersey to be their home is borne out by the other objective factors recited above and the evidence submitted in support therof.

Each case of establishing domicile must be evaluated and determined by its own facts and circumstances. Wolff v. Baldwin, 9 N.J. Tax 11, 18 (Tax 1986). Here, it is clear that the factors establishing plaintiff's domicile in New Jersey predominate in this analysis. Plaintiff's testimony, as corroborated by the objective circumstances, established that New Jersey was his true, fixed, permanent home and principal establishment. It was always his intention to return to New Jersey despite his absence for short periods of time in Florida.

"[T]he party seeking exemption under [a] statute granting exemption from property taxation] bears the burden of proving that the bases for it have been established." <u>International Schools Services, Inc. v. West Windsor Tp.</u>, 207 N.J. at 24. Here the plaintiff has borne that burden and has established that he was a "citizen and resident" of the state of New Jersey since at least 2009 when he purchased the subject property. He was entitled to the exemption from tax granted by N.J.S.A. 54:3-3.30 during all of those years, including 2015 and 2016.

III.     <u>Conclusion</u>

Accordingly, the court reverses the Judgment of the Camden County Board of Taxation affirming the denial of the veteran's exemption to plaintiff.

Very truly yours,


Kathi F. Fiamingo, J.T.C.